IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cr-86-MEF |
| | ) | (WO) |
| JERALD DEAN GODWIN | ) | |
| SIDNEY EUGENE CLARK | ) | |

# **O R D E R**

On November 24, 2009, the defendants filed a Joint Motion to Continue (Doc. #33). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The motion states that the defendants have been charged in a two count indictment in the Middle District of Alabama alleging armed robbery and the unlawful possession of a firearm during the commission of a crime of violence. The defendants have also been indicted in the Circuit Court of Baldwin County alleging three counts of armed robbery of federal banking institutions within their jurisdiction for which the defendants would

anticipate the government offering as other crimes, wrongs or bad acts under the theory each was part of a common plan or scheme. Plea negotiations have been ongoing since the first of October in defendant Godwin's case in an effort to draft a plea agreement that would encompass a plea in this case as well as to the offenses indicted in Baldwin County. Under the circumstances and the parties involved, it will be impossible to have all issues settled by the November 25, 2009 cut off date to enter into an 11(c)(1) plea. Counsel for the government does not oppose the request for a continuance. Consequently, the Court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

    Accordingly, it is hereby ORDERED:

    1.  That the defendant's motion to continue filed on November 24, 2009 is GRANTED.

    2. That the trial of this case is continued from the December 7, 2009 trial term to the March 22, 2010 trial term in Montgomery, Alabama.

    3. That the Magistrate Judge conduct a pretrial conference prior to the March 22, 2010 trial term.

    DONE this the 25th day of November, 2009.

                                                        /s/ Mark E. Fuller
                                             CHIEF UNITED STATES DISTRICT JUDGE